UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| JOURNEY GROUP COMPANIES d/b/a SIOUX FALLS CONSTRUCTION, a South Dakota Corporation,<br><br>Plaintiff,<br><br>-vs-<br><br>SIOUX FALLS CONSTRUCTION, LLC, a South Dakota Limited Liability Company, and LORENA DE JESUS, aka LORENA ZAMORA, aka LORENA FLEY, an individual,<br><br>Defendants. | CIV 16-4125<br><br>MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR ATTORNEY FEES |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff Journey Group Companies d/b/a Sioux Falls Construction ("Plaintiff") has filed a Motion for Attorney Fees. (Doc. 22.) The motion is supported by the Affidavit of Sander J. Morehead and exhibits attached to the affidavit. (Doc. 23.) Defendants Sioux Falls Construction, LLC ("SFC") and Lorena De Jesus ("De Jesus") have not resisted the motion. For the following reasons, the motion will be granted.

## BACKGROUND

Plaintiff has offered construction services in South Dakota and the surrounding region for over a century, continuously using the service mark "Sioux Falls Construction" ("the Mark") in advertising and otherwise promoting its construction services with great success and consumer recognition. The Mark is registered with the United States Patent & Trademark Office ("USPTO"), and with the South Dakota Secretary of State on it Fictitious Name Registration system.

SFC and De Jesus began promoting and advertising their construction services using the Mark on a pirated domain and on Facebook, and by displaying the Mark on business cards and on the sides of SFC's commercial vehicles.

On June 28, 2016, Plaintiff's lawyers sent by certified mail, return receipt requested, and by e-mail, a letter to De Jesus and SFC advising them that they were infringing upon Plaintiff's registered service mark. De Jesus represented that SFC would cease and desist using the Mark in conjunction with its construction business. However, SFC and De Jesus continued to conduct business in association with the Mark, confusing both consumers and potential consumers. For instance, Plaintiff was contacted by both potential consumers and Sioux Falls, South Dakota, city officials who were confused as to whether Plaintiff Sioux Falls Construction was responsible for SFC commercial trucks with the Mark on the sides of the trucks. Sioux Falls city officials have called Plaintiff and noted that vehicles bearing the Mark were located at job sites lacking a proper building permit.

Despite repeated subsequent contacts between Plaintiff's lawyer and SFC and De Jesus demanding that they cease and desist use of the Mark, SFC and De Jesus nevertheless continued to conduct business in association with the "Sioux Falls Construction" name.

After being notified of Plaintiff's rights in the Mark, including Plaintiff's Registrations regarding that Mark, SFC and De Jesus fraudulently obtained a South Dakota state registration for the mark "Sioux Falls Construction LLC" under SDCL Ch. 37-6 on September 12, 2016, by misrepresenting to the South Dakota Secretary of State's Office that it had valid rights in the Mark.

Plaintiff initiated this trademark infringement action against SFC and De Jesus on September 2, 2016. (Doc. 1, Complaint.) A Summons was obtained from the Clerk of Courts the same day, and Plaintiff began efforts to serve De Jesus both individually and as the Registered Agent of SFC. Service of the Summons and Complaint was accomplished on both Defendants on October 18, 2016. (Docs. 6 and 7.) Defendants were required to serve an answer within 21 days. FED.R.CIV.P.

12(a)(1)(A)(i). They failed to do so. Defendants also failed to file an answer or otherwise respond to the Amended Complaint that was filed on November 30, 2016.[1] Plaintiff moved for entry of default on December 21, 2016. (Doc. 13.) Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk of Court entered default against Defendants on the same day. (Doc. 16.)

On January 12, 2017, Plaintiff moved for default judgment pursuant to Rule 55(b) on its claims for: 1) violating Plaintiff's rights under the Lanham Act including 15 U.S.C. §§ 1114 and 1125; 2) a counterfeit trademark under 15 U.S.C. § 1116; and 3) cybersquatting in violation of 15 U.S.C. § 1125(d). Plaintiff also asserted that the admitted facts established that SFC's state trademark registration for "Sioux Falls Construction, LLC" should be cancelled. This Court granted Plaintiff's motion for default judgment on April 12, 2017, awarding damages and injunctive relief. (Doc. 21.) Regarding Plaintiff's request for attorney fees, the Court stated:

> The Lanham Act authorizes "reasonable attorney fees to the prevailing party" in "exceptional cases." 15 U.S.C. § 1117(a). "Courts have defined the characteristics of exceptional cases with adjectives suggesting egregious conduct by a party." *Aromatique, Inc. v. Gold Seal, Inc.*, 28 F.3d 863, 877 (8th Cir. 1994). According to the Eighth Circuit, an exceptional case within the meaning of the Lanham Act "is one in which one party's behavior went beyond the pale of acceptable conduct." *Id.* As noted above, Defendants deliberately and knowingly counterfeited Sioux Falls Construction's mark, marketed its own services with this counterfeit mark, and intended to use Sioux Falls Construction's well-known mark in an attempt to profit from the goodwill of that well-established construction company. Thus, this is an exceptional case justifying an award of fees.

(Doc. 21 at 12.) Plaintiff's counsel was directed to file an application for attorney fees with a supporting affidavit and time records. (*Id.*)

---

[1] The Amended Complaint (doc. 12) added counts for counterfeit trademark and cancellation of Defendants' state registration of the mark "Sioux Falls Construction, LLC." It reasserted the claims in the initial complaint against SFC and De Jesus for trademark infringement, cybersquatting, trademark dilution, and unfair competition under the Lanham Act, and a state law claim for false representations under the Deceptive Trade Practices Act. Sioux Falls Construction sought permanent injunctions, statutory damages and attorney fees.

3

On April 21, 2017, Plaintiff moved for attorney fees on the ground that the instant action is an exceptional case under the Lanham Act. (Docs. 22, 24.) The motion is supported by an affidavit of Plaintiff's lawyer with billing records attached. (Doc. 23.) Defendants did not object to the motion.

## DISCUSSION

The Lanham Act permits a prevailing plaintiff in a trademark infringement case to recover attorney fees and costs.

> When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office, a violation under section 1125(a) or (d) of this title, or a willful violation under section 1125(c) of this title, shall have been established in any civil action arising under this chapter, the plaintiff shall be entitled, subject to the provisions of sections 1111 and 1114 of this title, and subject to the principles of equity, to recover ... the costs of the action. ... The court in exceptional cases may award reasonable attorney fees to the prevailing party.

15 U.S.C. § 1117 (a). The Court already has noted that this is an exceptional case where an award of attorney fees is appropriate. *See, e.g., Cmty. of Christ Copyright Corp. v. Devon Park Restoration Branch of Jesus Christ's Church*, 634 F.3d 1005, 1013 (8th Cir. 2011) (holding that when a defendant's unlawful conduct "was willful and deliberate, the court may well determine that this is the type of 'exceptional' case for which an award of attorney's fees is appropriate.") (quoting *Metric & Multistandard Components Corp. v. Metric's Inc.*, 635 F.2d 710, 716 (8th Cir.1980)). Defendants used Plaintiff's registered mark in advertising and selling their own construction services and continued to do so even after being notified of the unlawfulness of their activities, thus forcing Plaintiff into litigation. Defendants failed to answer the complaint and defaulted, leading to this Court's decision to enter a default judgment in favor of Plaintiff, including an award of damages and a permanent injunction enjoining Defendants from further acts of infringement. It is the strength of the merits of Plaintiff's claims and Defendants' flagrant infringement of the Mark that makes this case exceptional, not simply the fact that a default judgment was entered.

Plaintiff requests an award of attorney fees in the amount of $13,903.00, plus 6% sales tax of $834.18, for a total fee of $14,737.18 for investigating the case and attempting to resolve it without litigation, preparing and filing the complaints, efforts to locate and serve the elusive De Jesus, and working on procuring the default judgment.

"The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Fish v. St. Cloud State University*, 295 F.3d 849, 851 (8th Cir. 2002) (citing *Hensley v. Eckherhart*, 461 U.S. 424, 433 (1983)). A strong presumption exists that the figure resulting from the above calculation (i.e., the lodestar figure) is reasonable. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010).

Plaintiff is requesting compensation for 69 hours of work done between June of 2016 and February of 2017. The fee chart submitted by Plaintiff and the supporting unredacted time entries are clear and concise. The Court concludes that the 69 hours worked by the lawyers and the paralegal in this case, which involved legally complex infringement issues and difficulty with service, are reasonable.

Courts require the attorney seeking fees to justify the reasonableness of the requested rate or rates. *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984). Courts have found that,

> [t]o inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. A rate determined in this way is normally deemed to be reasonable . . . .

*Id.* As such, counsel for Plaintiff bears the burden of proving that the requested hourly rates are reasonable. "When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates." *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005).

Plaintiff's lawyer, Sander Morehead, submitted an Affidavit in Support of the motion for attorney fees in which he states,

> 3. I began working for Woods Fuller as an Associate Attorney on May 9, 2005, and immediately worked on intellectual property matters for the firm, including trade secret litigation, trademark disputes, and patent disputes.
> 4. I have continued to work primarily in the area of intellectual property litigation since starting my employment with Woods Fuller. I have worked on patent, trademark, copyright, and trade secret matters in federal and state courts in South Dakota, North Dakota, Michigan, Minnesota, Iowa, and Texas, as well as before the Trademark Trial and Appeal Board of the United States Patent and Trademark Office. Approximately half of my practice time is devoted to intellectual-property matters. Them remainder of my practice involves complex commercial litigation.
> 15. The hourly rates charged by myself ($225 per hour), Ms. Doohen ($115 per hour), Mr. Engel ($175) and Mr. Leonard ($275 per hour) are commensurate with or lower than the rates these timekeepers charge other clients in similar intellectual-property matters. In intellectual-property matters, I typically charge $275 per hour, and typically bill time for associates, such as Mr. Engel, at $200 per hour.

Doc. 23 at 2, 4. The Court is aware that the rates requested are similar to the rates prevailing in the legal community. Thus, upon consideration of the Affidavit of Sander Morehead and the Court's own familiarity with the prevailing market rates for attorneys with similar experience, skill, and reputation in the Sioux Falls region, the Court finds the rates billed to be reasonable.[2]

Multiplying the hours worked by the rates billed, the lodestar is $13,903.00. The Court may adjust the lodestar to account for other considerations that have not yet figured into the computation, including "the plaintiff's overall success; the necessity and usefulness of the plaintiff's activity in the particular matter for which fees are requested; and the efficiency with which the plaintiff's attorneys conducted that activity." *Jenkins by Jenkins v. State of Mo.*, 127 F.3d 709, 718 (8th Cir. 1997). Consideration of these factors supports the reasonableness of the lodestar. Plaintiff does not request an upward adjustment, and the Court will not adjust the lodestar upward or downward. It will award

---

[2]The Court notes that Mr. Leonard's first two time entries are billed at $275 per hour, but the following seven entries are billed at $285 per hour. Mr. Engel's billing rate for entries beginning in 2017 is $200 rather than $175. These higher rates remain reasonable.

Plaintiff $13,903.00 in attorney fees, plus 6% sales tax of $834.18, for a total of $14,737.18. Accordingly,

IT IS ORDERED that Plaintiff's Application for Attorney Fees, doc. 22, is granted and the Court awards attorney fees plus 6% sales tax to Plaintiff in the amount of $14,737.18.

Dated this 5th day of October, 2017.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Summer Wahwhat
(SEAL)   DEPUTY